**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JARIO LORIA JARQUIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 3:26-cv-1283 |
| v. | ) | |
| | ) | |
| LEONARD ODDO, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS AND CLOSING CASE ON THE DOCKET WITHOUT PREJUDICE AND RETAINING JURISDICTION**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 1). Petitioner, a citizen of Costa Rica, is currently detained at Moshannon Valley Processing Center. He entered the United States by presenting himself to immigration authorities at the border on or around February 6, 2024, where he requested asylum. (ECF No. 1-5). He was subsequently released and has remained in the United States since that time. (ECF No. 1-6). Petitioner was detained on June 29, 2026, at a scheduled check-in with Immigration and Customs Enforcement ("ICE"). (ECF No. 1, at 2). The ICE agents who detained Petitioner that day determined that he was unlawfully present in the United States. Respondents rely on 8 U.S.C. § 1225(b)(2)(A) to support that detention. (ECF No. 7, at 1).

Petitioner asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and, therefore, he is entitled to a bond hearing. The Court agrees. As the Third Circuit recently held in *Buele Morocho v. Warden Philadelphia FDC*, § 1226(a), not § 1225(b)(2)(A), applies to noncitizens who are not "an alien seeking admission." No. 26-1150, 2026 WL 2546223, at *3 (3d Cir. Aug. 28, 2026). Petitioner, who has

an ongoing claim for asylum, is not "seeking admission" into the United States. *Id.* at *4 n.11 ("Not all those present in the United States without authorization seek lawful admission, even if they are attempting to remain in the country. For example, those seeking asylum are not requesting lawful admission, but rather seek relief from removal."). Petitioner's detention is governed by § 1226(a), and he therefore has a right to an individualized bond hearing. Furthermore, where detention is appropriately governed under § 1226(a), detention without a bond hearing is a violation of the Petitioner's due process rights. *Id.* at *9.

Petitioner also seeks now an award of attorneys' fees and expenses. Although "the United States enjoys sovereign immunity from awards of monetary relief," it has waived such immunity for certain monetary awards through the Equal Access to Justice Act ("EAJA"). *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 424 (3d Cir. 2026). Under the EAJA, a court may award fees and expenses to a prevailing party against the United States, unless "the court finds that the position of the United States was *substantially justified* or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). The key issue currently before the Court here is whether Petitioner is "applicant for admission" who is "seeking admission" under 8 U.S.C. § 1225(a).

Respondents argued that an "applicant for admission" who is "seeking admission" includes noncitizens like Petitioner who are requesting asylum. The Court is mindful that Petitioner's detention and the Respondents' briefing occurred before the United States Court of Appeals for the Third Circuit had interpreted the meaning of an "applicant for admission" who is "seeking admission" under § 1225(a), and that two United States Courts of Appeals have ruled that "applicant for admission" includes noncitizens like Petitioner. *See Buenrostro-Mendez*, 166 F.4th 494; *Avila*, 170 F.4th 1128. But that all changed with the Third Circuit's decision in *Morocho*.

District courts across the country are currently split as to the awarding of attorneys' fees in cases similar to the one at bar. *See, e.g.*, *Alvarez v. Noem*, No. 3:26-CV-73, 2026 WL 545382, at *3 (W.D. Pa. Feb. 26, 2026) (granting habeas petition to extent the petitioner requested a bond hearing, but denying the petition to the extent the petitioner requested attorneys' fees and costs under the EAJA); *Orellana Rivas v. Oddo, et al*, No. 3:26-cv-00246, ECF No. 14 (W.D. Pa. March 10, 2026) (same); *but see Castanon Nava*, slip op., at 6 (noting that the district court entered an order awarding fees to plaintiffs and that defendants did not challenge that relief on appeal).That said, as to the gateway issue now before this Court, namely whether the Petitioner must be provided a prompt bail hearing before an immigration judge, the law in this Circuit has now been established in *Morocho*. But at the same time, the Court believes that it is appropriate to consider the timing of the relevant events in this case and of that decision. In that light, the Court cannot say that the Government, while not prevailing on the detention or bail issue, was not substantially justified in taking its position, as it did, before the Third Circuit's decision in *Buele Morocho*, in light of the decisions from the Fifth and Eighth Circuits. Thus, the Court will not award fees under the EAJA based on the proceedings in this case to date. The Court need not, and does not, reach a conclusion as to whether such a fee award would or would not be available relative to other proceedings in this case at a later point, or in other cases.

AND NOW, this 1st day of September, 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus, (ECF No. 1), is GRANTED IN PART and DENIED IN PART. It is GRANTED in that as soon as practicable, but no later than thirty (30) days from the date of this Order, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226. If Petitioner is released as a result of the aforementioned individualized bond hearing or otherwise, Respondents are further ORDERED to return to

Petitioner any and all funds or property which may have been seized from him at the time of his arrest or which is otherwise in their custody. All other requests in the petition are otherwise DENIED WITHOUT PREJUDICE to the extent Petitioner seeks any additional relief at this time.

The Clerk will close the case on the docket without prejudice, and the Court retains jurisdiction over the action and the parties pending further proceedings, as may be appropriate, including interpretation or enforcement of its Orders.

/s/ Mark R. Hornak
Mark R. Hornak
UNITED STATES DISTRICT JUDGE

Dated: 1 September, 2026